SIERRA CLUB, Plaintiff,

v.

CHEMICAL HANDLING
CORPORATION,
Defendant.

No. 91–C–1074.

United States District Court,
D. Colorado.

Aug. 1, 1991.

See also 778 F.Supp. 25.

Adam Babich, Denver, Colo., for plaintiff.

Phillip Figa, Englewood, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff, the Sierra Club, commenced this action seeking injunctive and declaratory relief as well as damages under the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.* Asserting that the plaintiff lacks standing, the defendant, Chemical Handling Corporation, has moved to dismiss the complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiff has responded by opposing the motion.

Subject matter jurisdiction allegedly is founded on 42 U.S.C. § 6972(a)(1)(A) & (B), 28 U.S.C. § 2201 and 28 U.S.C. § 1331. The parties have fully briefed the issues and oral argument would not materially facilitate decision.

RCRA expressly authorizes citizen suits. 42 U.S.C. § 6972. To demonstrate standing under federal citizen suit provisions, a plaintiff must prove that it has suffered or will suffer at least some injury that may be redressed by judicial action. *Gladstone, Realtors v. Bellwood of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1607–1608, 60 L.Ed.2d 66 (1979). A citizen organization must show that at least one of its members has been injured or is threatened with injury. *International Union, United Automobile Workers v. Brock,* 477 U.S. 274, 281–284, 106 S.Ct. 2523, 2528–2530, 91 L.Ed.2d 228 (1986). Alleged injury to aesthetic, conservational or recreational interests is sufficient. *Sierra Club v. Morton,* 405 U.S. 727, 735, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636 (1972).

In its complaint, the plaintiff alleges that

"Sierra Club members use and enjoy the air and soils surrounding Defendant's facility and depend on the protection of the RCRA permitting system to reduce the risks to those resources and to public health posed by hazardous waste management. Defendant's RCRA violations, alleged herein, injure Sierra Club members by diminishing the members' use and enjoyment of the air and soils in the neighborhood of Defendant's facility and threatening the members' health and welfare." (Complaint at ¶ 8.)

These allegations clearly are sufficient to meet the standing requirement and therefore the defendant's motion to dismiss for lack of standing must be denied.

Accordingly IT IS ORDERED that the defendant's motion to dismiss pursuant to Rule 12(b)(6) is denied. Defendant shall file its answer within eleven days following the date of this order.